# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 11-CR-127

MICHAEL WOYAN,

        Defendant.

## DECISION AND ORDER

Does the Court in the above-captioned case have the authority to include an untimely claim for restitution made by Daniel Balderas ("D. Balderas"), a victim electrician and the owner of CC Electric, who is still owed $14,000.00 (the "D. Balderas claim")? While neither the existence of a claim nor the amount of the claim were identified within the time-line set by the Mandatory Victims Restitution Act (the "MVRA"), the Court thinks that *Dolan v. United States*, ____ U.S. ___, 130 S.Ct. 2533 (2010), supports the conclusion that the Court has the authority to order restitution of the D. Balderas claim. While not directly on point, Dolan held that the district court had jurisdiction to enter an order of restitution more than three months after the expiration of the 90-day statutory deadline.

Even when a sentencing court misses the MVRA's 90-day deadline to make a final determination of victim's losses and impose restitution, the sentencing court retains jurisdiction over restitution, where it was made clear prior to the deadline's expiration that the court would order restitution. *Id.* at 2536. The Supreme Court classified the restitution

deadline provision of the MVRA as a speed-seeking deadline and discussed the purpose of the MVRA and its legislative history before concluding that missing the deadline does not deprive a court of its authority to enter an order of restitution. *Id.* at 2539-40. The victim's right to mandatory restitution outweighs the offender's need for finality. *Id.*

## Background Facts

Woyan and four co-defendants were indicted on June 7, 2011. (ECF No. 1.) By a letter dated December 9, 2011, the United States Attorney's Office informed D. Balderas of the indictment of Woyan and his four co-defendants, indicated that D. Balderas had been identified as a victim during the investigation of the action, and advised him of his rights as a victim including his right to seek restitution. (Morgan Aff. ¶ 5, Attach. B.) (ECF Nos. 134-1, 134-2.) The body of the letter provided a phone number for automated information regarding the case, but advised D. Balderas that the automated number could not answer questions, and if he had any questions regarding the case he should call the phone number of the U.S. Attorney's Office listed "above." The letter was printed on office letterhead, which includes the office phone number.

Woyan entered into a plea agreement on March 20, 2012. (ECF No. 92.) A change of plea hearing was held on March 29, 2012. (ECF No. 94.)

By a letter dated April 2, 2012, the U.S. Attorney's Office provided D. Balderas with an update on the Woyan case, stating that Woyan had pled guilty and was to be sentenced on June 28, 2012. The letter advised D. Balderas that if he was a victim and wanted to speak at the sentencing, he should contact the U.S. Attorney's Office "well in advance of the

-2-

scheduled hearing date." (Morgan Aff. ¶ 5, Attach. C, 1.) (ECF No. 134-3.) The letter also provided the name of the probation agent and advised D. Balderas that if he felt he was eligible for restitution, he should make sure to provide the probation agent with the information needed to make a claim. The letter stated "*This will be your last opportunity to claim restitution in this case.*" (*Id*.) The letter also informed D. Balderas that the probation agent might contact him to discuss the case.

As with the December 11, 2011 letter, the text of the April 2, 2012 letter included the phone number for automated information regarding the case, advised D. Balderas that no questions would be answered at that number, and if he had any questions regarding the case he should call the phone number of the U.S. Attorney's Office listed "above." Again, the letter was printed on office letterhead which includes the office phone number.

A presentence investigation report ("PSR") filed with the Court on June 21, 2012 listed the victims with restitution claims as Boldt Contractors ($15,940.00) and Associated Bank ($480,000.00). (PSR 20.) (ECF No. 111.) The PSR also noted that Neuens Fredonia Lumber Company was a victim and estimated its loss to be roughly $59,000.00, but was still gathering invoices related to the project. (PSR 9.) An addendum to the PSR, filed on June 27, 2012, noted that the U.S. Probation Department had just received invoices from Balderas Construction claiming restitution in the amount of $57,091.19.[1]

---

[1] The government states that there is no connection between Balderas Construction and D. Balderas, and that his claim for electrical work is distinct from the work performed by Balderas Construction. (Gov/t Mem. on Restitution, 3 n.1.) (ECF No. 134.)

-3-

The sentencing hearing was held on June 28, 2012, at which time the Court granted Woyan's request for 30 days to review the restitution claims. (*See* ECF No. 118.) (The government had requested an additional week from the sentencing date.) (*See id.*) The Judgment entered on June 28, 2012 stated that the restitution was "to be determined," and that the determination of the amount was deferred for 30 days. (ECF No. 119.) That time was well within the 90-day non-jurisdictional deadline (September 27, 2012) for determining the restitution amount under 18 U.S.C. § 3664(d)(5).

On August 31, 2012, Erin Morgan ("Morgan"), a victim witness specialist employed by the U.S. Attorney's Office, was contacted by the United States Marshal. (Morgan Aff. ¶ 5.)[2] The Marshal told Morgan that he had been contacted by D. Balderas, who is a relative, and that D. Balderas was frustrated about his inability to contact the U.S. Attorney's Office regarding the Woyan case.

Morgan then spoke to D. Balderas, who informed her that after receiving "the letter" he had placed repeated calls to the number in the body of the letter with no response. (*Id*. at ¶ 6.) It was apparent to Morgan that D. Balderas had misunderstood the instructions in the letter because he had been calling the automated system call center. (*Id*. at ¶ 7.) Morgan told D. Balderas to collect receipts so that they could be presented to the probation office for consideration in the restitution claim to the Court. (*Id*. at ¶ 8.)

Morgan told the Assistant U.S. Attorney ("AUSA") for the case that D. Balderas would have a restitution claim. (*Id.*) The AUSA told Morgan that a restitution hearing

---

[2] Two paragraphs of the Morgan affidavit are enumerated as paragraph five. The citation refers to the second of those paragraphs.

-4-

would be scheduled. (Id. at ¶ 9.) The date(s) of these communications between Morgan and the AUSA are not included in the Morgan affidavit.

On September 4, 2012, Woyan filed a letter notifying the Court that he had missed the Court's 30-day deadline for responding to the restitution claim. (ECF No. 126.)

On September 4, 2012, the Court set a restitution hearing for October 11, 2012. (ECF No. 17.) On several occasions between the unspecified date of Morgan's initial conversation with D. Balderas and the October 11, 2012 hearing, D. Balderas told Morgan that he was having difficulty locating receipts because so much time had passed since the 2004-05 offense. (Morgan Aff. ¶ 10.)

On October 10, 2012, Woyan filed a letter stating he objected to paying restitution to Boldt Contractors and Balderas Construction.[3] (ECF No. 129.)

On October 11, 2012, D. Balderas appeared as directed and presented his documentation. At the October 11, 2012 restitution hearing, the United States disclosed for the first time the D. Balderas claim and requested additional time to determine proper restitution. Woyan argued that the D. Balderas claim was statutorily untimely, citing 18 U.S.C. § 3664(d)(1). The United States countered that the 90-day statutory argument was without merit because it was not a jurisdictional issue, the D. Balderas claim was not too late, and the reason for the delayed hearing was because the defense did not get around to examining the Neuens Lumber claim. (ECF No. 131.)

---

[3] As previously indicated, the government states that there is no connection between Balderas Construction and D. Balderas, and that his claim for electrical work is distinct from the work performed by Balderas Construction. (Gov't Memo on Restitution, 3 n.1.) (ECF No. 134)

**Conclusion**

The Court concludes from *Dolan* that none of the deadlines of the MVRA are jurisdictional. The primary purpose of the statute is to make sure that victims of a crime receive full restitution, *Dolan*, 103 S.Ct. at 2539, and the deadlines in the statute are primarily designed to help the victims of the crime and only secondarily to help the defendant. *Id*. at 2539-40. Finally, the statute places no time limit on a previously-identified victim's subsequent discovery of losses. *Id*. at 2540, 2544.

While the D. Balderas claim is not directly addressed by any of the statutory provisions, Congress did not contemplate all the factual scenarios that could arise. This interpretation of the statute appears to be correct because *Dolan* signals a broad victim-oriented application of that statute..

In this case particularly, exclusion of D. Balderas's claim, where he was confused by the Government's directions and made repeated attempts to pursue his restitution claim, would frustrate the MVRA's primary statutory purpose which is to compensate victims. As the Supreme Court pointed out, "depriving the sentencing court of the power to order restitution would harm those—the victims of crime—who likely bear no responsibility for the deadline's being missed and whom the statute also seeks to benefit." *Id*. (comparing 3664(g)(1) ("No victim shall be required to participate in any phase of a restitution order")). D. Balderas was confused by the letter(s) but attempted to pursue his restitution claim. He called and also contacted a relative when his efforts were not effective. It would be difficult to conclude that he bears responsibility for the deadline being missed. Also, the government

-6-

Case 2:11-cr-00127-RTR   Filed 02/06/13   Page 6 of 7   Document 145

did not act promptly in notifying Woyan and the Court that a "new" victim was going to make a claim for restitution (after Morgan learned of D. Balderas's intent to make a claim). D Balderas does not bear responsibility for that additional delay. Therefore, the Court will allow D. Balderas's claim to proceed.

**IT IS THEREFORE ORDERED** that Daniel Balderas's untimely claim for restitution can proceed.

**IT IS FURTHER ORDERED** that the Judgment in this case shall be **AMENDED** to reflect that total restitution is $625,543.01. This amount includes $480,000.00 to Associated Bank, $15,940.00 to Boldt Contractors, $57,091.19 to Balderas Construction, $58,511.82 to Neuens Fredonia Lumber, and $14,000.00 to CC Electric (the D. Balderas claim).

Dated at Milwaukee, Wisconsin, this 6th day of February, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**